E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
MICHAEL J. MORSE (Cal. Bar No. 291763)
Assistant United States Attorney
Public Corruption & Civil Rights Section
 1500 United States Courthouse
 312 North Spring Street
 Los Angeles, California 90012
 Telephone: (213) 894-7367
 Facsimile: (213) 894-0141
 E-mail: Michael.Morse@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 21-223-DSF |
|    Plaintiff, | PLEA AGREEMENT FOR DEFENDANT WILLIAM VAUGHN FULTON |
|      v. | |
| WILLIAM VAUGHN FULTON, | |
|    Defendant. | |

1. This constitutes the plea agreement between WILLIAM VAUGHN FULTON ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

### DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

 a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Three of the indictment in <u>United States v. William Vaughn Fulton</u>, CR No. 21-223-

1    DSF, which charges defendant with Possession with Intent to

2    Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

3    (b)(1)(A)(viii).

4         b.   Not contest facts agreed to in this agreement.

5         c.   Abide by all agreements regarding sentencing contained

6    in this agreement.

7         d.   Appear for all court appearances, surrender as ordered

8    for service of sentence, obey all conditions of any bond, and obey

9    any other ongoing court order in this matter.

10        e.   Not commit any crime; however, offenses that would be

11   excluded for sentencing purposes under United States Sentencing

12   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

13   within the scope of this agreement.

14        f.   Be truthful at all times with the United States

15   Probation and Pretrial Services Office and the Court.

16        g.   Pay the applicable special assessments at or before

17   the time of sentencing unless defendant has demonstrated a lack of

18   ability to pay such assessments.

19        h.   Recommend that defendant be sentenced to a term of

20   imprisonment of no less than 192 months and not seek, argue, or

21   suggest in any way, either orally or in writing, that the Court

22   impose a term of imprisonment below 192 months.

23   3.   Defendant further agrees:

24        a.   To forfeit all right, title, and interest in and to

25   any and all monies, properties, and/or assets of any kind, derived

26   from or acquired as a result of, or used to facilitate the commission

27   of, or involved in the illegal activity to which defendant is

28

2

pleading guilty, specifically including, but not limited to the following (collectively, the "Forfeitable Property"):

        i.   One black Glock 9mm semiautomatic handgun, bearing no serial number, seized from defendant on or about October 13, 2020;

        ii.   One gray Glock 9mm semiautomatic handgun, bearing no serial number, seized from defendant on or about October 13, 2020; and

        iii. 12 rounds of 9mm caliber ammunition, seized from defendant on or about October 13, 2020.

     b.   To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the assets.

     c.   To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

     d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

     e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Property.

1        f.    Not to claim that reasonable cause to seize the

2   Forfeitable Property was lacking.

3        g.    To prevent the transfer, sale, destruction, or loss of

4   any and all assets described above to the extent defendant has the

5   ability to do so.

6        h.    That forfeiture of Forfeitable Assets shall not be

7   counted toward satisfaction of any special assessment, fine,

8   restitution, costs, or other penalty the Court may impose.

9                       THE USAO'S OBLIGATIONS

10       4.    The USAO agrees to:

11       a.    Not contest facts agreed to in this agreement.

12       b.    Abide by all agreements regarding sentencing contained

13   in this agreement.

14       c.    At the time of sentencing, move to dismiss all

15   remaining counts of the indictment.  Defendant agrees, however, that

16   at the time of sentencing the Court may consider any dismissed

17   charges in determining the applicable Sentencing Guidelines range,

18   the propriety and extent of any departure from that range, and the

19   sentence to be imposed.

20       d.    At the time of sentencing, provided that defendant

21   demonstrates an acceptance of responsibility for the offenses up to

22   and including the time of sentencing, recommend a two-level reduction

23   in the applicable Sentencing Guidelines offense level, pursuant to

24   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

25   additional one-level reduction if available under that section.

26       e.    Recommend that defendant be sentenced to a term of

27   imprisonment no higher than the low end of the applicable Sentencing

28   Guidelines range, provided that the offense level used by the Court

                                4

to determine that range is 37 or higher and provided that the Court does not depart downward in offense level or criminal history category.   For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

NATURE OF THE OFFENSES

5.   Defendant understands that for defendant to be guilty of the crime charged in Count Three, that is, Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), the following must be true: (1) defendant knowingly possessed methamphetamine; and (2) defendant possessed the methamphetamine with the intent to distribute it to another person. To "distribute" a controlled substance means to transfer possession of it to another person, with or without any financial interest in the transaction.

6.   Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that defendant possessed with the intent to distribute at least 50 grams of methamphetamine.   Defendant admits that defendant, in fact, possessed with the intent to distribute at least 50 grams, that is, approximately 74.89 grams, of methamphetamine, as described in Count Three of the indictment.

PENALTIES AND RESTITUTION

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice

5

the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii) is: 10 years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

9.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10.   The Court will also order forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 924, 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.

11.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed

1  pursuant to this agreement as well as all relevant conduct, as

2  defined in U.S.S.G. § 1B1.3, in connection with those counts.

3      12.   Defendant understands that supervised release is a period

4  of time following imprisonment during which defendant will be subject

5  to various restrictions and requirements.  Defendant understands that

6  if defendant violates one or more of the conditions of any supervised

7  release imposed, defendant may be returned to prison for all or part

8  of the term of supervised release authorized by statute for the

9  offense that resulted in the term of supervised release.

10     13.   Defendant understands that, by pleading guilty, defendant

11  may be giving up valuable government benefits and valuable civic

12  rights, such as the right to vote, the right to possess a firearm,

13  the right to hold office, and the right to serve on a jury.

14  Defendant understands that he is pleading guilty to a felony and that

15  it is a federal crime for a convicted felon to possess a firearm or

16  ammunition.  Defendant understands that the convictions in this case

17  may also subject defendant to various other collateral consequences,

18  including but not limited to revocation of probation, parole, or

19  supervised release in another case and suspension or revocation of a

20  professional license.  Defendant understands that unanticipated

21  collateral consequences will not serve as grounds to withdraw

22  defendant's guilty plea.

23     14.   Defendant and his counsel have discussed the fact that, and

24  defendant understands that, if defendant is not a United States

25  citizen, the conviction in this case makes it practically inevitable

26  and a virtual certainty that defendant will be removed or deported

27  from the United States.  Defendant may also be denied United States

28  citizenship and admission to the United States in the future.

Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

15.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about October 10, 2020, in Los Angeles County, California, within the Central District of California, defendant knowingly possessed a controlled substance, with the intent to distribute the controlled substance to another person.  The controlled substance defendant possessed on October 10, 2020, was a powdery substance containing fentanyl.  Specifically, on October 10, 2020, defendant visited the hotel room of D.S., located in Redondo Beach, California.  Defendant sold D.S. a powdery substance containing fentanyl.  On or

about October 10, 2020, D.S. ingested the powdery substance containing fentanyl that was supplied by defendant, resulting in D.S.'s death from a fatal fentanyl overdose.

On or about October 11, 2020, in Los Angeles, California, within the Central District of California, defendant knowingly possessed a controlled substance, with the intent to distribute the controlled substance to another person.  The controlled substance defendant possessed on October 10, 2020, was a powdery substance containing fentanyl.  Specifically, on October 11, 2020, defendant visited the hotel room of A.L., located in Redondo Beach, California.  Defendant sold to A.L. a powdery substance containing fentanyl.  On or about October 11, 2020, A.L. ingested that powdery substance containing fentanyl that was supplied by defendant, resulting in A.L.'s death from a fatal fentanyl overdose.

On October 13, 2020, in Los Angeles County, California, within the Central District of California, defendant possessed with the intent to distribute to another person at least 50 grams, that is, approximately 74.89 grams, of methamphetamine, and 66.96 grams of a mixture and substance containing a detectable amount of fentanyl.

Specifically, on October 13, 2020, Redondo Beach Police Department ("RBPD") detectives conducted surveillance on defendant at Norm's Restaurant in Torrance, California.  There, RBPD detectives saw defendant park and sit in a vehicle in the Norm's restaurant parking lot.  A male adult entered the passenger side of the vehicle. RBPD detectives then detained and searched defendant's person and found a Ziploc baggie inside his right pant leg.  Inside the baggie, RBPD detectives discovered 3.7 grams of a powdery substance containing fentanyl.  RBPD detectives then searched defendant's

vehicle and found approximately 74.89 grams of methamphetamine, and approximately 66.96 grams of a mixture and substance containing a detectable amount of fentanyl.  Defendant knowingly possessed the methamphetamine and fentanyl with the intent to distribute the methamphetamine and fentanyl to another person.

Inside defendant's vehicle, RBPD detectives also found two digital scales with white powdery residue; approximately $450.00 in U.S. currency; a black Glock 9mm semiautomatic handgun, bearing no serial numbers, loaded with two live rounds of ammunition; and a gray Glock 9mm semiautomatic handgun, bearing no serial numbers, loaded with ten live rounds of ammunition.  Defendant possessed the firearms and ammunition knowing that he had previously been convicted of multiple felony crimes, each punishable by a term of imprisonment exceeding one year.

SENTENCING FACTORS

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

17.   Pursuant to U.S.S.G. §§ 1B1.2(a) and (c), the parties stipulate that defendant committed two separate violation of 21 U.S.C. § 841(b)(1)(C) (Distribution of Fentanyl Resulting in Death), in that, on or about October 10, 2020, and October 11, 2020, defendant knowingly and intentionally distributed controlled substances containing fentanyl, the use of which resulted in the deaths of D.S. and A.L., respectively, and that such overdose deaths resulting from defendant's distribution of fentanyl constitute more serious offenses than the offense of conviction for purposes of calculating the applicable Sentencing Guidelines offense level. Accordingly, pursuant to U.S.S.G. §§ 2D1.1(a)(2), 1B1.2(a), and 1B1.2(c), the parties stipulate that the Court should calculate the Sentencing Guidelines as if defendant had been convicted of the offense described in this paragraph and apply a base offense level 38.   The parties further stipulate that application of such a base offense level, which is greater than the base offense level that would otherwise apply, is independently supported by U.S.S.G. § 5K2.1.   Defendant will not recommend, argue, or otherwise suggest that the court impose a base offense level other than 38. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 38 | U.S.S.G. § 2D1.1(a)(2) |
| Possession of a Dangerous Weapon: | +2 | U.S.S.G. § 2D1.1(b)(1) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, subject to paragraph 2(h) above.   Defendant understands that defendant's offense level could be

11

increased if defendant is a career offender under U.S.S.G. §§ 4B1.1
and 4B1.2.  If defendant's offense level is so altered, defendant and
the USAO will not be bound by the agreement to Sentencing Guideline
factors set forth above.

18.  Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

19.  Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing
Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
(a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.  Defendant understands that by pleading guilty, defendant
gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if
necessary have the Court appoint counsel -- at trial.  Defendant
understands, however, that, defendant retains the right to be
represented by counsel -- and if necessary have the Court appoint
counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant guilty
beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses
against defendant.

f.  The right to testify and to present evidence in
opposition to the charges, including the right to compel the
attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

21.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND WAIVER OF COLLATERAL ATTACK

22.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 37 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) the amount and terms

of any restitution order; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

24.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 192 months, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

25.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a

claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

26.   Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

27.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

28.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

29. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any

16

1  evidence derived from the statements should be suppressed or are

2  inadmissible.

3          COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

4                          OFFICE NOT PARTIES

5          30.  Defendant understands that the Court and the United States

6  Probation and Pretrial Services Office are not parties to this

7  agreement and need not accept any of the USAO's sentencing

8  recommendations or the parties' agreements to facts or sentencing

9  factors.

10         31.  Defendant understands that both defendant and the USAO are

11 free to: (a) supplement the facts by supplying relevant information

12 to the United States Probation and Pretrial Services Office and the

13 Court, (b) correct any and all factual misstatements relating to the

14 Court's Sentencing Guidelines calculations and determination of

15 sentence, and (c) argue on appeal and collateral review that the

16 Court's Sentencing Guidelines calculations and the sentence it

17 chooses to impose are not error, although each party agrees to

18 maintain its view that the calculations in paragraph 17 are

19 consistent with the facts of this case.  While this paragraph permits

20 both the USAO and defendant to submit full and complete factual

21 information to the United States Probation and Pretrial Services

22 Office and the Court, even if that factual information may be viewed

23 as inconsistent with the facts agreed to in this agreement, this

24 paragraph does not affect defendant's and the USAO's obligations not

25 to contest the facts agreed to in this agreement.

26         32.  Defendant understands that even if the Court ignores any

27 sentencing recommendation, finds facts or reaches conclusions

28 different from those agreed to, and/or imposes any sentence up to the

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

//

//

NO ADDITIONAL AGREEMENTS

33.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

*Michael J. Morse*                          December 21. 2022
MICHAEL J MORSE                             Date
Assistant United States Attorney

per telephonic authorization /s/ Edward M. Robinson    July 17, 2023
WILLIAM VAUGHN FULTON                       Date
Defendant

_____            July 17, 2023
EDWARD M. ROBINSON                          Date
ROBERT S. ERNENWEIN
Attorneys for Defendant
WILLIAM VAUGHN FULTON


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.

19

I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

per authorizaton-telephonic /s/ Edward M. Robinson    July 17, 2023
WILLIAM VAUGHN FULTON                                 Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am WILLIAM VAUGHN FULTON's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this

agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     July 17, 2023
EDWARD M. ROBINSON                   Date
ROBERT S. ERNENWEIN
Attorneys for Defendant
WILLIAM VAUGHN FULTON